# THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| Rodney Simmons Jr.,<br>　　Plaintiff, | Cause No. _____ |
| v. | |
| United States Steel,<br>　　Defendant. | **JURY TRIAL DEMANDED** |

## COMPLAINT

*Jurisdiction and Venue*

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII").

2. This Court has subject matter jurisdiction of the action under 28 U.S.C. §§ 1331, 1343.

3. Venue is proper in this court because:

　a. the unlawful employment practices and civil rights violations alleged in this complaint have been, and now are being committed within the Northern District of the State of Indiana;

　b. the Defendant is an entity with the capacity to sue and be sued in its common name under applicable Indiana laws and subject to the court's personal jurisdiction with respect to this civil action and venue is proper pursuant to 28 USCS § 1391; and

　c. the Plaintiff resides in this district.

*Parties*

4. Plaintiff, Rodney Simmons Jr., lives in Lake County, Indiana.

5. United States Steel Corporation ("USS") has its principal place of business in Indiana and regularly transacts business in the state.

6. USS is an employer subject to the provision of Title VII in that it is a corporation affecting interstate commerce and has employed 50 or more persons for each working day in each of 12 or more calendar weeks in the current or preceding calendar year.

7. USS is and at all material times has been a company authorized or organized and existing under laws of the State of Indiana, with offices located in Lake County, Indiana.

8. Mr. Simmons began working for USS in August of 2012.

9. Mr. Simmons works as a crane operator for United States Steel and enjoys his work very much.

*Conditions Precedent*

10. On June 6, 2016, Plaintiff, claiming to be aggrieved, filed charges of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC"). (**Ex. A**).

11. All conditions precedent to the institution of this action have been fulfilled.

12. Caselaw interpreting the various provisions of Title VII are applicable to the allegations set forth in this complaint.

*Count I - Violation of Title VII*

13. Defendant is a company with several thousand employees.

14. Mr. Simmons is a member of the United States Steelworkers Union.

15. A Mr. Jania is Mr. Simmons's manager.

16. On several occasions including in November of 2015, January 26 of 2016, and

March 8 of 2016, Defendant's management denied Mr. Simmons's proper requests to adjust his work schedule; US Steel's management immediately granted requests for the same from his white co-workers.

17. Another African-American co-worker of Mr. Simmons, Clarence, too was denied requests to adjust his work schedule; US Steel's management immediately granting requests for the same from White co-workers of Mr. Simmons and Clarence.

18. Before the Easter holiday US Steel management denied a request of Mr. Simmons to work the holiday.

19. US Steel management granted the request of a Caucasian co-worker to work Easter even though the co-worker had less seniority than Mr. Simmons; Mr. Simmons would have earned holiday pay for this time worked, instead the junior co-worker earned that pay.

20. Mr. Simmons complained about this discrimination and filed a grievance with his union; he won his grievance and was granted backpay for the lost holiday.

21. Mr. Jania, US Steel management, delayed giving Mr. Simmons the backpay and stated that he was doing so because Plaintiff complained.

22. Mr. Simmons complained of the discriminatory treatment to management and US Steel and his union. Thereafter, he began to be treated in a hostile manner by his bosses.

23. Plaintiff had a regular chair that he used in the work shanty.

24. US Steel management threw Mr. Simmons's work chair in the trash; after retrieving his chair from the trash management orally reprimanded Mr. Simmons for doing so in front of his other co-workers.

25. A later day, Mr. Simmons came into work and discovered that the screws of his

chair were removed causing a dangerous situation with Mr. Simmons being a large man. He reported the problem, nothing was done.

26. Other Caucasian employees of USS similarly situated as Mr. Simmons were not retaliated against, were not refused schedule changes, and were not placed in a hostile and dangerous work situation.

27. On March 28, 2017, the EEOC issued a right to sue letter noting a missed deadline for filing. (**Ex. B**).

### *Jury Demand*

28. COMES NOW the Plaintiff, Rodney Simmons Jr., by counsel, and demands trial by jury.

WHEREFORE, premises considered, the Plaintiff, by counsel, requests that this Court issue 1) a decree ordering USS to make Plaintiff whole, including, but not limited to, providing financial compensation, and restitution in an amount to be proved at trial, and by providing other affirmative relief necessary to eradicate the effects of USS's past and present unlawful employment practices; 2) a judgment for Plaintiff for his actual, compensatory and punitive damages; 3) an award to Plaintiff for his reasonable attorney fees and costs in this action; 4) an award to Plaintiff for prejudgment interest at the statutory rate; 5) a Judgment for Plaintiff compensating him for the general emotional distress and humiliation he has suffered as a result of USS's unlawful conduct; and 6) an order for all other relief that is necessary and proper.

Respectfully submitted,

/s/Daniel Zamudio
Daniel Zamudio, Attorney for Plaintiff
Zamudio Law Professionals, PC

233 South Colfax  
Griffith, Indiana 46319  
Phone (219) 924-2300  
Fax (219) 924-2401  
dan@zlawpro.com